Kenneth A. Elliott
31441Santa Margarita Parkway, Suite A-312
Rancho Santa Margarita, California 92688-1011
Telephone: (949) 589-3174
Facsimile: (949) 589-7802

In Pro Per

FILED

2014 JUL 28 PM 2:00

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA

BY ___

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTI-MATE CONNECTORS, INC.; BRUCE L. BILLINGTON; THIERRY POMBART; and STEPHEN R. BROCKMAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY; SEA NINE ASSOCIATES, INC.; INNOVATIVE PRIVATE STRATEGIES & INSURANCE SERVICES, INC.; I.P.S. PRIVATE ADVISORS; LALAT PATTANAIK; LABAN PATTANAIK;  KENNETH A. ELLIOTT, individually and d.b.a. KAE, KAE CONSULTING AND VISTA BARRANCA; PETER MORDIN; AND DOES 1-50,<br><br>    Defendants | Case No.: 8:14 - cv – 01051 CJC (RNBx)<br>JLS (JPRx)<br><br>KENNETH A. ELLIOTT'S ANSWER TO COMPLAINT<br><br>Dept:<br>Judge: |

## DEFENDANTS KENNETH A. ELLIOTT ANSWER TO COMPLAINT

Defendant, Kenneth A. Elliott  (hereinafter "Elliott") answers the complaint of Plaintiffs,

Ulti-Mate Connectors, Inc.; Bruce L. Billington; Thierry Pombart; Stephen

Brockman, ("Plaintiff"), as follows:

## ANSWERS TO SPECIFIC ALLEGATIONS

## INTRODUCTION

1.  Defendant denies the allegations in §1 as described.

2. Defendant denies the allegations of Lines 10-23 of §2 as described. Defendant agrees with the allegation in Lines 23-25 of §2.

3. Defendant denies the allegations in §3 as described.

4. Defendant lacks information or belief sufficient to answer the allegations in Lines 20-28, 1-5 of §4. Defendant denies the allegation in Lines 5-7 of §4.

5. Defendant lacks information or belief sufficient to answer the allegations in §5 and basing his denial on this ground deny each and every allegation thereof.

6. Defendant lacks information or belief sufficient to answer the allegations in §6 and basing his denial on this ground deny each and every allegation thereof.

7. Defendant lacks information or belief sufficient to answer the allegations in Lines 19-22 of §7. Defendant agrees with the allegation in Lines 22-23 of §7.

8. Defendant denies the allegations in §8.

9. Defendant denies the allegations in §9.

10. Defendant lacks information or belief sufficient to answer the allegations in §10 and basing his denial on this ground deny each and every allegation thereof.

11. Defendant lacks information or belief sufficient to answer the allegations in §11 and basing his denial on this ground deny each and every allegation thereof.

12. Defendant denies the allegations in §12.

## PLAINTIFFS

13. Defendant agrees with Lines 5-6 of §13. Defendant denies the characterization of Lines 6-10 of §13 through use of the phrase "At Defendant's urging,", but otherwise agrees with the allegation in Lines 6-10 of §13.

14. Defendant agrees with the allegations in §14.

15. Defendant agrees with the allegations in §15.

16. Defendant agrees with the allegations in §16.

17. Defendant agrees with the allegations in §17.

## NON-PARTY ENTITIES AND INDIVIDUALS

18. Defendant denies the characterization of "established", but otherwise agrees with the allegations in §18.

2

19. Defendant denies the characterization implied by the phrase "…and serve as the Programs' "funding mechanism" in Lines 6-7, but otherwise agrees with the allegations in §19.

20. Defendant denies the allegations in §20.

21. Defendant lacks information or belief sufficient to answer the allegations in §21 and basing his denial on this ground deny each and every allegation thereof.

22. Defendant lacks information or belief sufficient to answer the allegations in §22 and basing his denial on this ground deny each and every allegation thereof.

## DEFENDANTS

23. Defendant lacks information or belief sufficient to answer the allegations in Lines 21-27 of §23. Defendant denies the use of the word "noncompliant" in Line 28, but otherwise agrees with the allegations of Lines 27-28 of §23.

24. Defendant agrees with the allegations in §24.

25. Defendant agrees with the allegations in §25.

26. Defendant agrees with the allegations in Lines 11-13 of §26. Defendant denies the allegations of Lines 13-15 of §26.

27. Defendant agrees with the allegation in §27.

28. Defendant lacks information or belief sufficient to answer the allegations in §28 and basing his denial on this ground deny each and every allegation thereof...

29. Defendant lacks information or belief sufficient to answer the allegations in §29 and basing his denial on this ground deny each and every allegation thereof.

30. Defendant agrees with the allegation in §30.

31. Defendant lacks information or belief sufficient to answer the allegations in §31 and basing his denial on this ground deny each and every allegation thereof.

## VICARIOUS LIABILITY OBLIGATIONS

32. Defendant lacks information or belief sufficient to answer the allegations in §32 and basing his denial on this ground deny each and every allegation thereof.

33. Defendant agrees with the allegations in Lines 23-27 of §33. Defendant lacks information or belief sufficient to answer the allegations in Lines 28 & 1-5 of §33.

3

34. Defendant agrees with the allegations in Lines 6-9 of §34. Defendant lacks knowledge or belief sufficient to answer the allegations in §34.

35. Defendant disagrees with the use of the word "scheme" in Line 19, but otherwise agrees with the allegations in §35.

36. Defendant lacks information or belief sufficient to answer the allegations in §36 and basing his denial on this ground deny each and every allegation thereof.

## JURISDICTION AND VENUE

37. Defendant lacks information or belief sufficient to answer the allegations in §37 and basing his denial on this ground deny each and every allegation thereof.

38. Defendant lacks information or belief sufficient to answer the allegations in §38 and basing his denial on this ground deny each and every allegation thereof.

39. Defendant lacks information or belief sufficient to answer the allegations in §39 and basing his denial on this ground deny each and every allegation thereof.

## GENERAL ALLEGATIONS

**A. The Common Characteristics and Tax Advantages of §419A(f)(6) Plans**

40. Defendant agrees with the allegations in Lines 15-18, denies the allegations in Lines 18-19 and agrees with the allegations in Lines 20-22 of §40.

41. Defendant agrees with the allegations in §41.

**B. Defendant's VEBA Programs**

42. Defendant agrees with the allegations in §42.

43a. Defendant agrees with the allegations in §43a.

b. Defendant agrees with Lines 20-25 of §43b. Defendant denies the allegations in Lines 25-27 of §43b.

c. Defendant disagrees with the use of the word "Class", but otherwise agrees with the allegations in §43c.

d. Defendant denies the allegations in §43d.

e. Defendant denies the allegations in §43e.

f. Defendant denies the allegations in §43f.

44. Defendant denies the allegations in §44.

4

45. Defendant agrees with the allegations in §45.

46. Defendant agrees with Lines 1-2 of the allegations in §46. Defendant denies the allegations in Lines 2-10 of §46.

**C. Defendant AIG's Involvement In The Scheme**

47. Defendant agrees with Lines 12-14 of §47. Defendant lacks information or belief sufficient to answer the allegations in Lines 14-18 of §47.

48. Defendant lacks information or belief sufficient to answer the allegations in §48 and basing his denial on this ground deny each and every allegation thereof.

49. Defendant lacks knowledge or belief sufficient to answer the allegations in Lines 1-4 of §49. Defendant agrees with the allegation in Line 4-5 of §49. Defendant lacks information or belief sufficient to answer the allegation in Lines 5-7 of §49.

50. Defendant lacks knowledge or belief sufficient to answer the allegations in §50 and basing his denial on this ground deny each and every allegation thereof.

**D. Defendants' VEBA Programs Violate Restrictions On §419A(f)(6) Plans**

51. Defendant agrees with the allegations in §51.

52. Defendant denies the allegations in §52.

53. Defendant denies the allegations in §53.

54. Defendant agrees with the allegations in Lines 18-22 of §54. Defendant agrees with the summary of the DOJ complaint in Lines 22-26 of §54.

55. Defendant agrees with Lines 27-29 & 1 of §55. Defendant lacks information or belief sufficient to answer the allegations in Lines 1-4 of §55.

**E. Defendants Knew, But Did Not Disclose, That Their VEBA Programs Were Noncompliant**

56. Defendant denies the allegations in §56.

57. Defendant denies the allegations in §57.

58. Defendant denies the allegation in Lines 3-4 of §58. Defendant agrees with the allegations in Lines 4-9 of §58. Defendant denies the allegations in Lines 10-12 of §58.

59. Defendant agrees with the allegations in Lines 13-15 of §59. Defendant lacks information or belief sufficient to answer the allegations in Lines 16- 25 of §59.

60. Defendant agrees with the allegations in §60.

61. Defendant agrees with the allegations in §61.

62. Defendant denies the allegations in §62.

63. Defendant lacks information or belief sufficient to answer the allegations in §63 and basing his denial on this ground deny each and every allegation thereof.

64. Defendant denies the allegations in Lines 26-27 & 1-2 of §63. Defendant lacks information or belief sufficient to answer the allegations in Lines 2-5 of §63.

**F. The Ulti-Mate Connectors Plaintiffs' Participation In A VEBA Program**

65. Defendant lacks information or belief sufficient to answer the allegations in §65 and basing his denial on this ground deny each and every allegation thereof.

66. Defendant lacks information or belief sufficient to answer the allegations in Lines 16-23 of §66. Defendant denies Lines 23-24 of §66.

67. Defendant lacks information or belief sufficient to answer the allegations in §67 and basing his denial on this ground deny each and every allegation thereof.

68. Defendant lacks information or belief sufficient to answer the allegations in §68 and basing his denial on this ground deny each and every allegation thereof.

69a. Defendant denies the allegations in §69a.

69b. Defendant agrees with the allegations in §69b.

69c. Defendant objects to use of the word "supposedly", but otherwise agrees with the allegations in §69c.

69d. Defendant denies the allegations in §69d.

69e. Defendant denies the allegations in §69e.

69f. Defendant lacks information or belief sufficient to answer the allegations in §69f and basing his denial on this ground deny each and every allegation thereof.

69g. Defendant lacks information or belief sufficient to answer the allegations in §69g and basing his denial on this ground deny each and every allegation thereof.

70. Defendant lacks information or belief sufficient to answer the allegations in §70 and basing his denial on this ground deny each and every allegation thereof.

Case No. 8.14-cv-01051 CJC (RNBx)

71. Defendant lacks information or belief sufficient to answer the allegations in §71 and basing his denial on this ground deny each and every allegation thereof.

72. Defendant lacks information or belief sufficient to answer the allegations in §72 and basing his denial on this ground deny each and every allegation thereof.

73. Defendant lacks information or belief sufficient to answer the allegations in §73 and basing his denial on this ground deny each and every allegation thereof.

74. Defendant lacks information or belief sufficient to answer the allegations in §74 and basing his denial on this ground deny each and every allegation thereof.

75. Defendant lacks information or belief sufficient to answer the allegations in §75 and basing his denial on this ground deny each and every allegation thereof.

76. Defendant agrees with the allegations in Lines 11-16 of §76. Defendant lacks information or belief sufficient to answer the allegations in Lines 16-19 of §76.

77. Defendant agrees with the allegations in §77.

78. Defendant lacks information or belief sufficient to answer the allegations in §78 and basing his denial on this ground deny each and every allegation thereof.

79. Defendant lacks information or belief sufficient to answer the allegations in §79 and basing his denial on this ground deny each and every allegation thereof.

80. Defendant lacks information or belief sufficient to answer the allegations in §80 and basing his denial on this ground deny each and every allegation thereof.

81. Defendant denies the allegations in §81.

82. Defendant lacks information or belief sufficient to answer the allegations in §82 and basing his denial on this ground deny each and every allegation thereof.

83. Defendant denies the allegations in §83.

**G. Defendants Used A Common Marketing Plan And The Same Modus Operandi With Other Members Of The Class**

84. Defendant denies the allegations in §84.

**H. California Statutes Regarding Concealment and Misrepresentation in the Sale of Insurance Policies**

7

85. Defendant agrees with the allegations in Lines 3-9 of §85. Defendant denies the allegations in Lines 9-11 of §85.

86. Defendant denies the allegations in §86.

**I. Ownership Of The Policies, Missing Premium Payments On The Pombart Policy, And the Comerica Action**

87. Defendant objects to the use of the phrase "at least initially" in Line 25 of §87, but otherwise agrees to Lines 25-26 of §87. Defendant objects to the use of the word "designated" in Line 1 of §87, but otherwise agrees with the allegations in Lines 27, 1-2 of §87.

88. Defendant agrees with the allegations in Lines 3-8 of §88. Defendant lacks information or belief to answer the allegations in Lines 8-10 of §88. Defendant agrees with the allegations in Lines 10-12 of §88. Defendant lacks information or belief sufficient to answer the allegations in Lines 13-14 of §88.

89. Defendant lacks information or belief sufficient to answer the allegations in Lines 15-18 of §89. Defendant denies the allegations in Lines 18-21 of §89. Defendant agrees with the allegations in Lines 21-22 of §89.

90. Defendant lacks information or belief sufficient to answer the allegations in Lines 23-24 of §90. Defendant agrees with the allegations in Lines 25-28, 1-2 of §90.

91. Defendant agrees with the allegations in §91.

92. Defendant agrees with the allegations in Lines 10-16 of §92. Defendant denies the allegations in Lines 16-24 of §92.

93. Defendant agrees with the allegations in §93.

94. Defendant lacks information or belief sufficient to answer the allegations in §94 and basing his denial on this ground deny each and every allegation thereof.

## CLASS ACTION ALLEGATIONS

95. Defendant denies the allegations in §95.

96. Defendant denies the allegations in §96.

97. Defendant denies the allegations in §97.

98. Defendant denies the allegations in §98.

99. Defendant denies the allegations in §99.

## FIRST CAUSE OF ACTION

### Rescission, Cal. Ins. Code §§ 331, 359; Cal. Civ. Code §1689,

### Against All Defendants

100. Defendant denies the allegations in §100.

101. Defendant denies the allegations in Lines 6-12, 14-15 of §101. Defendant lacks information or belief sufficient to answer the allegations in Lines 12-14 of §101.

102. Defendant denies the allegations in §102.

103. Defendant denies the allegations in §103.

104. Defendant denies the allegations in §104.

105. Defendant denies the allegations in §105.

## SECOND CAUSE OF ACTION

### RICO, 18 U.S.C. § 1962(c),

### Against All Defendants

106. Defendant denies the allegations in §106.

107. Defendant denies the allegations in §107.

108. Defendant denies the allegations in §108.

109. Defendant denies the allegations in §109.

110. Defendant denies the allegations in §110.

111. Defendant denies the allegations in §111.

112. Defendant denies the allegations in §112.

113. Defendant denies the allegations in §113.

114. Defendant denies the allegations in §114.

## THIRD CASUSE OF ACTION

### RICO, 18 U.S.C. § 1962(d),

### Against All Defendants

115. Defendant denies the allegations in §115.

116. Defendant denies the allegations in §116.

9

117. Defendant denies the allegations in §117.

118. Defendant denies the allegations in §118.

119. Defendant denies the allegations in §119.

### FOURTH CAUSE OF ACTION

**California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.***

**Against All Defendants**

120. Defendant denies the allegations in §120.

121. Defendant denies the allegations in §121.

122. Defendant denies the allegations in §122.

123. Defendant denies the allegations in §123.

124. Defendant denies the allegations in §124.

125. Defendant denies the allegations in §125.

126. Defendant denies the allegations in §126.

### FIFTH CAUSE OF ACTION

**California's False Advertising Law, Bus. & Prof. Code §§ 17500, *et seq.***

**Against All Defendants**

127. Defendant denies the allegations in §127.

128. Defendant denies the allegations in §128.

129. Defendant denies the allegations in §129.

130. Defendant denies the allegations in §130.

### SIXTH CAUSE OF ACTION

**Fraud by Concealment**

**Against All Defendants**

131. Defendant denies the allegations in §131.

132. Defendant denies the allegations in §132.

133. Defendant denies the allegations in §133.

134. Defendant denies the allegations in §134.

135. Defendant denies the allegations in §135.

### SEVENTH CAUSE OF ACTION

**Common Law Fraud**

**Against All Defendants**

136. Defendant denies the allegations in §136.

137. Defendant denies the allegations in §137.

138. Defendant denies the allegations in §138.

139. Defendant denies the allegations in §139.

140. Defendant denies the allegations in §140.

## EIGHTH CAUSE OF ACTION

### Aiding and Abetting

### Against Defendant AIG

141. Defendant denies the allegations in §141.

142. Defendant denies the allegations in §142.

143. Defendant denies the allegations in §143.

144. Defendant denies the allegations in §144.

145. Defendant denies the allegations in §145.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

146. Plaintiffs' Complaint fails to include any documented information that offer evidence contrary to Plaintiffs' central allegation that Plaintiffs participated in a tax shelter These include, but are not limited to:

 a. Favorable IRS Determination Letters for each of the VEBA Trusts that date back to 1988...

 b. IRS Audits of three of the VEBA's resulting in three 'no change' letters issued by the IRS.

 c. IRS Audits of member employers, several occurring after Final Regulations were issued in July 2003, resulting in member employer contribution deductions being upheld.

 d. Continuous annual reporting to the IRS of the VEBAs on Forms 990 from 1988 to the present.

Plaintiff consistently argues that, based on information supplied by the IRS via an audit of their tax return that the Plan was not in compliance and was a listed transaction. No mention was made by the Plaintiff nor does Plaintiff provide any information from the IRS regarding prior IRS findings that refute the information supplied to Plaintiff. Defendant notes before the Court that IRS examinations were conducted on these Plans by the IRS Exempt Organizations/Employee Plans Division on three separate occasions. These examinations were thorough (averaging 18 months each), were comprehensive and, as a modest review of the information document requests can ascertain, dealt with whether or not the Plans were 'ten or more employer' plans and complied with IRC 419A(f)(6) among other issues. In each case, the IRS issued 'no change' letters after each examination, which they were under no obligation to provide. In addition, single employer audits have been conducted both before and after the Final Regulations were issued in July 2003. Many of these audits resulted in member employers' deductions being upheld. Plaintiff's attempt to establish consistency in its position that the Plan was never in compliance cannot be sustained once all the facts are known.

### SECOND AFFIRMATIVE DEFENSE

147. Plaintiffs' Complaint does not properly describe the purpose the VEBA Trusts: to provide death benefits to member employers and their participating employees. Plaintiffs obscure this objective by emphasizing Plaintiff 'planned' exits of the VEBA-owned policies from the VEBA and downplaying the stated purpose of the VEBA's including, but not limited to, excluding non-owner Ulti-Mate Connectors participating employees from participation in the Complaint. Though, as required, all consequences of the policies insuring Plaintiffs were discussed, Defendant at all times made clear that any hardship withdrawals from the VEBAs had to be conducted in accordance with current rules, including the Final Regulations.

### THIRD AFFIRMATIVE DEFENSE

Case No. 8.14-cv-01051 CJC (RNBx)

148. Plaintiff has leads the Court to believe that Defendants "knew" the VEBA Program was non-compliant, citing language in one of many attorney opinion letters. As a qualified plan, the only compliance may be assured is through IRS audit of the VEBA Trusts in operation. As stated above, the IRS had done so Trust-wide on three separate occasions and had audited member contribution deductions on several occasions post-Final Regulations. As a qualified plan, the VEBAs are therefore in compliance until such time as the IRS determines otherwise (at which point, if found to be non-compliant, the VEBA Trusts would have the opportunity to retroactively amend to remain in compliance). The fact that, beginning in 2008, the IRS chose to examine selected member employers, including Ulti-Mate Connectors, Inc. as participants in a tax shelter, rather than auditing the VEBA Trusts themselves as had been done previously, does not change the nature of the VEBA Trusts as originally constituted and approved in 1988.

## FOURTH AFFIRMATIVE DEFENSE

149. In the Complaint, Plaintiff alleges that the Plan constituted a "listed transaction". Defendant notes that the IRS has not audited the Plan since the Final Regulations were issued in July 2003, so therefore could not arrive at any conclusion regarding the Plan's continued compliance until such an audit was conducted and concluded and therefore could not arrive at a conclusion that the Plan was a 'listed transaction'.

## FIFTH AFFIRMATIVE DEFENSE

150. Plaintiffs cite the DOJ civil action against the Defendant and quotes from it throughout the Complaint. Yet, Plaintiffs fail to also reference Defendant's reply to the Complaint whereby the allegations contained therein were denied and support for those denials supplied in affirmative defenses. Defendant hereby includes the reply to that action (Case No. 13-CV-01582-JLS-JPR) by reference.

## SIXTH AFFIRMATIVE DEFENSE

151. Plaintiffs cite *Neonatology Assoc., P.A. v. Commissioner (3rd Circuit, 2002)* in support of the VEBA Trusts as a tax avoidance scheme. Noting that neither the Defendant nor Sea Nine was a party to that case, the Court, in footnotes, specifically stated that it was not ruling on the VEBA itself, but rather denying the deductions of the Plaintiffs due

Case No. 8.14-cv-01051 CJC (RNBx)

to the egregious facts and circumstances in that particular case. The fact that the IRS and DOJ have repeated this mischaracterization (which the Plaintiffs' dutifully supply in their Complaint) does not make it fact.   Plaintiffs also cite *Borah v. Monumental* in attempt to win the Court's support for initiating class action proceedings. However, the Plaintiffs fail to report the result: no RICO violations ever applied to Defendant or Sea Nine.

### SEVENTH AFFIRMATIVE DEFENSE

152. Plaintiffs spend a great deal of space in their Complaint describing Bruce Ashton's drafting of one of several opinion letters he has written for the VEBA Program prior to 2004 and subsequently. Plaintiffs focus particularly on the January 2004 time period. However, Plaintiffs fail to note that the January work cited was not the Bruce's final word on the VEBA's compliance. Bruce's June 24, 2004 opinion letter states the following: "Based in these changes in the Documents, and assuming you operate the VEBAs in accordance with the language in the Documents, as noted at the outset of this letter, I believe that the VEBAs should be viewed by the IRS as complying with the Regulations and should not be viewed as plans involving experience rating."

Additionally, in that same letter, Bruce Ashton also opines on the likelihood of the VEBAs being "listed transactions":

"Since I believe that the VEBAs will be viewed by the IRS as complying with the Regulations, it would appear that they would not be considered plans of the type described in Notice 95-34. Further, while there is no clear guidance from the IRS on what the term "substantially similar" means for these purposes, it would appear that a plan that complies with the Regulations and is thus a plan that does not involve experience rating, would not be one that is substantially similar to plans described in Notice 95-34. Based on this, I believe it is unlikely that the VEBAs would be considered "listed transactions" so long as they are operated in a manner consistent with the Documents."

### EIGHTH AFFIRMATIVE DEFENSE

153. Apparently in another attempt to convince the Court of a class action opportunity, the Plaintiffs cite several other cases that they claim are similar to the present complaint.

14

The facts and circumstances are in fact different for each as is discussed in my reply to the DOJ action incorporated here by reference.

### NINTH AFFIRMATIVE DEFENSE

154. Plaintiffs confuse two requests made of Defendant. One was a request for copies of policies and the other request was to withdraw from the VEBA. AIG did provide copies of the policies for all principals as requested and it is their policy not to change the original policy owner when supplying copies of the policy contracts. Plaintiffs were advised that each new owner would be sent a letter from AIG confirming the ownership change when it occurred and that they should include that letter with the copy of the policy previously provided. AIG's mailing of the policy copies was an action separate and apart from the mechanical action of transferring ownership of the policies, which would, of course, necessitate the involvement of the current owner of the policies, Comerica Bank, as VEBA Trustee.

### TENTH AFFIRAMATIVE DEFENSE

155. Plaintiffs cite Comerica Bank's action (U.S. District Court, Central District CA. Case No. 14-CV-00186-JLS-JPRx). The action was requested by Comerica Bank as a direct result of Ramesh Sarva's actions subsequent to the filing of the DOJ lawsuit in October 2013 whereby he urged the VEBA members for whom he acted as CPA to request withdrawals from the VEBA. The large number of requests Comerica Bank received in November and December of that year were the reason for Comerica Bank's filing; not Ulti-Mate Connector's withdrawal requested in 2011. While understanding Comerica Bank's reason for the filing of its action, both Defendant and Sea Nine felt that the actions requested were too broad in nature and would prevent actions that Comerica Bank needed to undertake from occurring including the transfer of ownership of the policies insuring the Ulti-Mate Connectors' principals and the completion of funding for the Pombart policy. At the point of Comerica's filing, Sea Nine, a California corporation entirely dependent on administration fees that were no longer being paid, could not engage counsel as required and therefore was not in a position to file on its behalf. Defendant attempted to do so *pro se*, but Defendant's action was stricken from the case

15

due to lack of standing. Subsequently, the Court has suggested the merging of the DOJ and Comerica Bank actions. In expectation that such a merger would occur, the Court requested and has obtained a report authored by all parties in both cases including the Defendant. In that report, Defendant continues to request the resolution of all outstanding matters before any Court-initiated termination of the VEBA and subsequent distribution of VEBA assets occurs. The matters that the Defendant has asked the Court to consider include ensuring that all existing obligations of the Trust, including the payment of any remaining premium payments from contributions previously made, are resolved first. This joint report is part of the DOJ action and is incorporated here by reference.

156. As can be gleaned from my comments in the joint report, the VEBA Trustee, Comerica Bank, have failed to act on certain matters, particularly with regard to resolving trust accounting that stem both from Comerica's succession as Trustee in the fall of 2007 and its failure to allocate the Trust assets so that all VEBA participating employers participated equally in the legal and actuarial costs (such as the Bruce Ashton activity) that occurred after the Final Regulations were issued in July 2003 and after the IRS began its selective examination of some VEBA member participants after June 2008. Comerica Bank became particularly uncooperative after unilaterally deciding to close its Palo Alto office in May 2012. The subsequent administration in Dallas failed to complete the tasks promised by the Palo Alto staff and eventually chose to resign, an effort that ended after the DOJ filing in October 2013. Defendant's effort to resolve matters in good faith and in a timely manner have been consistently frustrated and hampered by the unilateral actions (or inactions) of Comerica Bank. Comerica Bank's statements in their civil action should be seen in this light. For example, any statement that Comerica Bank says that assets are insufficient to pay Trust obligations is simply untrue. As of the end of 2012, there was some $83 million in the six Trust assets including both cash and the cash value in the many insurance contracts owned by the Trust. The cash value of the insurance contracts may not be apparent to Comerica Bank as Comerica holds the contracts on its books with cost and market values of $1.00. Nevertheless, Comerica Bank is owner of all of that cash, not merely the cash for which they act as custodian. Therefore, if the trust

16

accounting requests, previously supplied by Sea Nine to Comerica Bank were acted upon, there are ample resources to pay the remaining premiums due on the Pombart policy.

## ELEVENTH AFFIRMATIVE DEFENSE

157. There exists no "enterprise" as described by the Plaintiffs as potential justification for class action and application of RICO. As noted above, the VEBA Trusts were established in 1988, seven years before Defendant was in business. No promise of exclusivity, either expressed or implied regarding VEBA member referrals was extended to Innovative, Lalat and Laban. No promise of exclusivity was extended to AIG to be the sole provider of insurance product for the VEBA Program. Defendant's and Sea Nine's roles with respect to the VEBA Program are clearly defined in the VEBA documents reviewed and executed by Plaintiffs before becoming a VEBA member.

## TWELFTH AFFIRMATIVE DEFENSE

158. Any services provided to Plaintiff were made in good faith and were not made with actual intent to harm Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

159. If Plaintiff suffered or sustained any injury, damage or detriment, the same was proximately caused or contributed to by the negligence of Plaintiff, in that at that time and place set forth in the Complaint, Plaintiff failed to exercise that degree of care and caution which ordinarily prudent persons would exercise under the same or similar circumstances. Therefore, any recovery by Plaintiff in this action must be reduced by an amount equivalent to the percentage of Plaintiff's own negligence or wrongful conduct in causing and contributing to the damages as alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

160. That the damages claimed were proximately caused by the Plaintiff an/or others affiliated in any manner with Plaintiff, in that at all times relevant herein, Plaintiff failed to use and exercise for its own protection the proper care and precautions which a prudent person under the same and similar circumstances would have exercised and that if this answering Defendant committed any wrongful act at all (which supposition is made for the purpose of this defense without admitting such to be a fact), the aforesaid conduct of

17

Plaintiff and/or entities or persons associated in any manner with Plaintiff contributed to the happenings of Plaintiff's alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

161. That at all times and places mentioned in the Complaint, Defendant was asserting its right to act in a lawful manner with a good-faith belief in the existence of that right.

### SIXTEENTH AFFIRMATIVE DEFENSE

162. That the actions and conduct of Defendant was reasonable, justifiable, privileged, reasonably necessary, and occurred under the belief that it was so necessary.

### SEVENTEENTH AFFIRMATIVE DEFENSE

163. That to the extent that Plaintiff suffered any detriment, the risk of such detriment was assumed by Plaintiff so that the Plaintiff is barred from any recovery it might otherwise have had.

### EIGHTEENTH AFFIRMATIVE DEFENSE

164. That Plaintiff has received all rights, entitlement and benefits to which it is entitled under the law.

### NINETEENTH AFFIRMATIVE DEFENSE

165. Plaintiff failed to take reasonable action to avoid or mitigate its alleged detriments or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

166. That at all times and places mentioned in the Complaint, Plaintiff consented to all of the acts of wrongdoing, if any, alleged against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

167. That Defendant acted reasonably and prudently under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

168. That to the extent Defendant engaged in any wrongful or illegal conduct, which Defendant denies, said conduct was not a legal cause of any harm or injury of which Plaintiff complains.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Case No. 8.14-cv-01051 CJC (RNBx)

169. That to the extent Plaintiff seeks equitable relief; its inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

170. That by reason of the conduct of Plaintiff, Plaintiff is estopped to assert any right to relief.

19

**WHEREFORE**, Defendant prays as follows:

1.       That Plaintiffs take nothing by this action;

2.       That Defendant be awarded costs of suit incurred herein;

3.       That Defendants be awarded attorney fees; and

4.       That Defendants be awarded any such other and further relief as the Court deems

just.

Dated: _July 28, 2014_

Kenneth A. Elliott
31441Santa Margarita Parkway, Suite A-312
Rancho Santa Margarita, California 92688
Telephone: (949) 389-3174
Facsimile: (949) 589-7802
Email: k4kuna2c_843@msn.com
In Pro Per

20

Case No. 8.14-cv-01051 CJC (RNBx)

PROOF OF SERVICE

I, _Kenneth A. Elliott_ (name), declare as follows.  I am over the age of 18 years. My address is:

_36 Vista Barranca_

_Rancho Santa Margarita, CA 92688_

_____

On _7-28-14_ (date), I served the foregoing document described as: _Answer_

_[in ~~Reply~~ to Complaint- Civil Action No 8:14-cv-01051 JLS (JRR)_

_____

_____

on all interested parties in this action by placing a true and correct copy thereof in a _FedEx_ sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail in _Rancho Santa Margarita, CA_, addressed to:      _via FedEx_ (city, state)

_Tyler R. Meade, Esq._ (name)      _Michael J. Reiser, Esq._ (name)

_1816 Fifth Street_ (address)      _961 Ygnacio Valley Rd._ (address)

_Berkeley, CA 94710_ (address)      _Walnut Creek, CA 94596_ (address)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 28, 2014_ at _Santa Ana, CA_
(date)                          (place of signing)

_____ (signature)

_Kenneth A. Elliott_ (name)